UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BP AUTO GROUP, LLC d/b/a
HACKETTSTOWN HYUNDAI, PICON
AUTO GROUP, LLC d/b/a NEWTON
KIA, PICON AUTO, LLC d/b/a
TACONIC KIA,

    Plaintiffs,

  v.

THE REYNOLDS AND REYNOLDS
COMPANY,

    Defendant.

Civ. No. 18-12510

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

  This matter comes before the Court upon the Motion to Dismiss and Compel Arbitration filed by Defendant The Reynolds and Reynolds Company ("Defendant"). (ECF No. 7.) Plaintiffs BP Auto Group, LLC d/b/a Hackettstown Hyundai ("Hackettstown Hyundai"); Picon Auto Group, LLC d/b/a Newton Kia ("Newton Kia"); and Picon Auto, LLC d/b/a Taconic Kia ("Taconic Kia") (collectively, "Defendants") oppose. (ECF No. 12.) The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion is granted.

## BACKGROUND

  This case concerns the question of whether the parties must arbitrate their contract disputes. Plaintiffs are all businesses operating automobile dealerships. (Compl. ¶¶ 2–4, ECF No. 1.) Defendant is a company providing "automobile dealership support services and technology."

1

(*Id.* ¶ 5.) In September 2009, Plaintiff Hackettstown Hyundai and Defendant executed an Authorization Letter. (*Id.* ¶ 13; Authorization Letter, Allen Aff. at 5, ECF No. 7-2.) The Authorization Letter states in part, "By signing this Authorization Letter, You are agreeing that Items and Services will be provided for Your use pursuant to this Authorization Letter and the current Master Agreement." (Authorization Letter.) The Master Agreement, in turn, states, "Disputes will be resolved as provided in the Customer Guide." (Master Agreement, Allen Aff. at 29.) And the Customer Guide contains the following language:

> Any disputes between us related directly or indirectly to an Order will be settled by binding arbitration (except for disputes involving your failure to pay amounts due to us or violation of any proprietary rights of Other Providers or us) under the American Arbitration Association Rules except as specifically stated herein. It does not matter whether the controversy is based on contract, tort, strict liability or other legal theory. . . . The Federal Arbitration Act, 9 U.S.C. Sections 115 [sic], not state law, will govern the ability to arbitrate any and all aspects of any arbitration.

(Customer Guide, Allen Aff. at 42.)

Plaintiffs Newton Kia and Taconic Kia executed with Defendant documents called "Exhibits" which state, "This Exhibit incorporates all of the terms of the Authorization Letter, Defined Terms, Master Agreement and Customer Guide." (Newton Exhibit: Allen Aff. at 6; Taconic Exhibit: Allen Aff. at 19.)

In April 2018, Defendant claimed that Plaintiffs had failed to make payments as required by contract and demanded arbitration of those disputes before the American Arbitration Association ("AAA"). (Compl. ¶ 17.) Plaintiffs say that they "have challenged the jurisdiction of the arbitrator, [but] they made it clear that their application should not be construed as a submission to the jurisdiction of the arbitrator." (*Id.* ¶ 20.)

On August 7, 2018, Plaintiffs filed the present suit seeking declaratory judgment that (1) the parties never agreed to arbitrate any dispute (*id.* ¶¶ 34–36); (2) the parties never agreed to

arbitrate questions of arbitrability (*id.* ¶¶ 37–39); (3) the parties never agreed to arbitrate the underlying dispute about Plaintiffs' alleged failure to pay amounts due under the contract (*id.* ¶¶ 40–42); and (4) the arbitration agreement in the Customer Guide is unenforceable (*id.* ¶¶ 43–45).

On September 25, 2018, Defendant moved to dismiss and compel arbitration. (ECF No. 7.) Plaintiffs opposed on October 22, 2018 (ECF No. 12), and Defendant replied on October 29, 2018 (ECF No. 13). Defendant's Motion is presently before the Court.

## **LEGAL STANDARD**

Where there is a contract between the parties that provides for arbitration, there is "an 'emphatic federal policy in favor of arbitral dispute resolution.'" *KPMG LLC v. Cocchi*, 565 U.S. 18, 21 (2011) (per curiam) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). "Any doubt concerning the scope of arbitrability should be resolved in favor of arbitration." *Mitsubishi Motor Corp.*, 473 U.S. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). When a party refuses to submit to arbitration pursuant to a valid contract provision, the party seeking to arbitrate may petition a court for an order compelling arbitration. 9 U.S.C. § 4.

In order for this presumption in favor of arbitration to apply, there must be a valid contract between the parties. The Court must find that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

"The question whether parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83

3

(2002) (quoting *AT&T Tech, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)) (emphasis and alterations in original). Questions of arbitrability include only the questions of "whether the parties have a valid Arbitration Agreement at all" and "whether a concededly binding arbitration clause applies to a certain type of controversy." *Puelo v. Chase Bank USA, N.A.*, 605 F.3d 172, 178 (3d Cir. 2010) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)).

## DISCUSSION

Each Plaintiff in this case entered into an agreement with Defendant that incorporates by reference the Customer Guide. Plaintiff Hackettstown Hyundai executed an Authorization Letter that reads, in part, "By signing this Authorization Letter, You are agreeing that Items and Services will be provided for Your use pursuant to . . . the current Master Agreement," and the Master Agreement states, "Disputes will be resolved as provided in the Customer Guide." Plaintiffs Newton Kia and Taconic Kia each executed Exhibits, and these Exhibits by their terms "incorporate[] all of the terms of the . . . Customer Guide." Because all Plaintiffs entered into contracts that incorporated by reference the terms of the Customer Guide, they have made clear their intent to be bound by the terms of the Customer Guide. *See KeyBank Nat'l Ass'n v. Sw. Greens of Ohio, LLC*, 988 N.E.2d 32, 39 (Ohio 2013) (finding that parties are bound by documents incorporated by reference).[1]

Given that the parties have agreed to the terms of the Customer Guide, the next question is whether the Customer Guide's terms "clearly and unmistakably provide" for an arbitrator to decide questions of arbitrability. *Howsam*, 537 U.S. at 83 (internal citation omitted). The Customer Guide states that, "Any disputes between us related directly or indirectly to an Order

---

[1] The contracts here apply Ohio contract law. (Allen Aff. at 29, § 7(h).)

4

will be settled by binding arbitration . . . ." This clause is sweeping in scope. Its breadth, in combination with the "emphatic federal policy in favor of arbitral dispute resolution," *KPMG*, 565 U.S. at 21, suggests that the parties intended for the question of arbitrability to decided by an arbitrator.

Looking more closely at the clause in question, it applies to all disputes (1) between the parties (2) related directly or indirectly to an Order. As to the first point, the case at hand is clearly a dispute between the parties to the Customer Guide. As to the second, the underlying case arose from Plaintiffs' alleged failure to pay for various orders. The question of arbitrability is at least indirectly related to that dispute because the question of arbitrability is relevant to how the underlying contract dispute (concerning failure to pay) will be resolved. Indeed, the parties would likely not find themselves in federal court litigating the question of arbitrability if it were unrelated to the underlying contract dispute. Because the Customer Guide calls for arbitrating all disputes directly or indirectly related to an Order, and the present question of arbitrability falls squarely within those boundaries, the clause "clearly and unmistakably" requires an arbitrator to decide questions of arbitrability.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss and Compel Arbitration is granted. An appropriate Order will follow.

Date:  12/17/2018  */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

5