UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BP AUTO GROUP, LLC d/b/a HACKETTSTOWN HYUNDAI, PICON AUTO GROUP, LLC d/b/a NEWTON KIA, PICON AUTO, LLC d/b/a TACONIC KIA,<br><br>Plaintiffs,<br><br>v.<br><br>THE REYNOLDS AND REYNOLDS COMPANY,<br><br>Defendant. | Civ. No. 18-12510<br><br>OPINION |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Confirm Arbitration Award filed by Defendant the Reynolds and Reynolds Company ("Defendant"). (ECF No. 25.) Plaintiffs BP Auto Group, LLC d/b/a Hackettstown Hyundai; Picon Auto Group, LLC d/b/a Newton Kia; and Picon Auto, LLC d/b/a Taconic Kia (collectively, "Plaintiffs") oppose. (ECF No. 26). The Court has decided the Motion on the written submissions of the parties and without oral argument pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion is granted in part and denied in part.

## BACKGROUND

This matter began with a contract dispute. (Compl. ¶ 17, ECF No. 1.) Defendant claimed that Plaintiffs owed money under their contracts, and Defendant sought to arbitrate this dispute pursuant to an arbitration clause in the parties' agreements. (*Id.*; *see also* Customer Guide, Allen

1

Aff. at 42, ECF No. 7-2 (arbitration clause).) Plaintiffs then filed the present suit seeking declaratory judgment that (1) the parties never agreed to arbitrate any dispute (Compl. ¶¶ 34–36); (2) the parties never agreed to arbitrate questions of arbitrability (*id.* ¶¶ 37–39); (3) the parties never agreed to arbitrate the underlying dispute about Plaintiffs' alleged failure to pay amounts due under the contract (*id.* ¶¶ 40–42); and (4) the arbitration agreement in the Customer Guide is unenforceable (*id.* ¶¶ 43–45).

Shortly thereafter, Defendant filed a Motion to Dismiss and Compel Arbitration. (ECF No. 7.) The Court determined that Plaintiffs' Complaint raised a question of arbitrability (that is, a question of whether the parties have agreed to submit a dispute—in this case, the sums owed under contract—to arbitration). (Mot. Compel Arb. Op. at 3–4, ECF No. 14.) And the Court determined that the question of arbitrability was itself arbitrable. (*Id.* at 4–5.) It therefore granted Defendant's Motion to Dismiss and Compel Arbitration and ordered that the parties proceed to arbitration on the question of arbitrability. (Mot. Compel Arb. Order, ECF No. 15.)

The parties proceeded to arbitration, where the arbitrator determined that the dispute over contractually owed sums was arbitrable. (Arb. Award at 3–4, Def.'s Ex. 2, ECF No. 25-2.) The arbitrator then determined that Plaintiffs are liable for breach of contract. (*Id.* at 4–10.) He awarded Defendant $949,585.04 in damages as well as $329,862.79 in attorney's fees and expenses plus "all additional attorney's fees and expenses that it incurs in enforcing and collecting this Award that can be determined by the court." (*Id.* at 16.) Plaintiffs were also held liable for $14,700.00 for fees and expenses of the American Arbitration Association and $31,590.00 for compensation and expenses of the arbitrator. (*Id.* at 16.)

On May 14, 2019, Defendant filed the present Motion to Confirm Arbitration Award. (ECF No. 25.) In its Motion, Defendant seeks not only final judgment on the claims in Plaintiffs'

2

Complaint but also the $1,325,737.83 sum awarded in arbitration for damages, attorney's fees and costs, and pre- and post-judgment interest. (Mot. at 1, 9, ECF No. 25-1.) Plaintiffs opposed the Motion on June 3, 2019 (ECF No. 26), and Defendant replied on June 10, 2019 (ECF No. 27). On June 14, 2019, the Court stated in a Memorandum Order that it was reserving on the Motion because one of the Court's prior orders in this case was on appeal before the Third Circuit. (Mem. Order, ECF No. 28; *see also* Notice of Appeal, ECF No. 16.) On July 24, 2019, the Third Circuit appeal was dismissed. (Certified Order in Lieu of Mandate, ECF No. 29.) Defendant then requested that the Court rule on the Motion to Confirm Arbitration Award. (ECF No. 31.) Plaintiffs asked that a decision on the Motion "be further stayed pending final disposition of the claims set forth in Plaintiffs' Complaint." (ECF No. 32.) The Motion is presently before the Court.

## **DISCUSSION**

### **I.     The Motion Is Granted as to Matters Within the Complaint**

The Federal Arbitration Act provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. The venue provision is permissive rather than exclusive, so a federal district court may confirm an arbitration award wherever venue is proper under the general venue statute. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000).

The Complaint raises four questions: (1) whether the parties agreed to arbitrate any disputes, (2) whether they agreed to arbitrate questions of arbitrability, (3) whether they agreed

3

to arbitrate the underlying dispute about payments, and (4) whether the arbitration agreement is enforceable. (Compl. ¶¶ 34–45.) In its previous Opinion and Order, the Court found that the parties agreed to arbitrate questions of arbitrability, answering Question 2. (Mot. Compel Arb. Op. at 5; Mot. Compel Arb. Order.) Because issues of arbitrability were for the arbitrator to decide, Questions 1, 3, and 4 were referred to the arbitrator. (Mot. Compel Arb. Op. at 5; Mot. Compel Arb. Order.) The arbitrator subsequently answered these questions by finding that the parties, in their arbitration agreement, agreed to arbitrate the payment dispute. (Arb. Award at 3–4.) The Court "must grant . . . an order" confirming the arbitrator's determination. § 9; *see also Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (finding "nothing malleable about 'must grant'"). Thus, judgment is appropriate in favor of Defendant on all counts in the Complaint.

Plaintiffs offer two arguments against confirming the arbitration award. The first is that the Court lacks jurisdiction due to an appeal pending before the Third Circuit. (Opp'n at 3–4.) This was true when Plaintiffs' brief was filed, which is why the Court previously reserved on the Motion to Compel Arbitration. (Mem. Order.) But the appeal has since terminated (Certified Order in Lieu of Mandate), so this objection no longer holds.

Plaintiffs' second argument is that "Defendant's Motion must be denied because this Court has not yet rendered a final decision on the merits of Plaintiffs' claims against Defendant." (Opp'n at 5.) As explained above, arbitration has decided the remainder of Plaintiffs' claims. In fact, it is the granting of Defendant's Motion to Confirm Arbitration Award that allows the Court to enter final judgment on these claims. The Court therefore grants Defendant's Motion as it pertains to the Complaint and enters judgment in favor of Defendant on all counts in the Complaint.

## II. The Motion Is Denied as to Matters Outside the Pleadings

Defendant also seeks an entry of judgment for $1,325,737,83, representing the arbitrator's award for breach of contract as well as attorney's fees and other costs. (Mot. at 1, 9.)

The underlying question of this case—*i.e.*, the breach of contract claim against Plaintiffs for failure to pay amounts due—was never presented to the Court in any pleading. Plaintiffs' Complaint seeks only declaratory relief concerning arbitrability,[1] and Defendant has not filed a counterclaim related to the merits of the contractual payment dispute. It is not clear, then, if the Court has the authority to enter judgment in a matter outside what was presented in the pleadings. Furthermore, neither party briefed this issue. Therefore, the Court denies without prejudice the portion of the Motion seeking recovery on the underlying payment dispute. Defendant's requests for attorney's fees and costs and for pre-judgment and post-judgment interest are derivative of the money judgment that Defendant seeks, so these requests are denied without prejudice as well. Defendant is granted leave to respond to these issues.

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Confirm Arbitration Award is granted in part and denied in part. An appropriate Order will follow.

Date:  8/16/19               */s/ Anne E. Thompson*
                              ANNE E. THOMPSON, U.S.D.J.

---

[1] The Complaint also seeks injunctive relief in the form of a stay of arbitration proceedings. (Compl. at 8.)